IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-143-FDW
(3:06-cr-411-FDW-1)

| | |
|---|---|
| RICKY GERALD HOUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response, (Doc. No. 5). Petitioner is represented by David Paul Demers. Because Petitioner's motion is untimely, the Court will dismiss the motion to vacate.

I.  BACKGROUND

On October 24, 2006, the grand jury for the Western District of North Carolina charged Petitioner Ricky Gerald Hough with possession of a firearm in a school zone, in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Criminal Case No. 3:06-cr-411, Doc. No. 1: Indictment). Petitioner pled guilty to both counts without a plea agreement. (Id., Doc. No. 11: Acceptance & Entry of Guilty Plea). On October 26, 2007, this Court sentenced Petitioner to six months in prison and three years of supervised release for the conviction for possession of a firearm in a school zone and to 35 months in prison and three years of supervised release for the felon-in-

1

possession conviction, with the sentences to run consecutively.[1] (Id., Doc. No. 13: Judgment). This Court entered judgment on November 9, 2007, and Petitioner did not appeal.

Petitioner filed the instant petition in this Court through counsel on March 6, 2013. (Doc. No. 1). In the § 2255 petition, Petitioner contends that he is entitled to relief from his § 922(g)(1) conviction under the Fourth Circuit's en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011).[2]

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

---

[1]  The Government asserts in its response brief that the sentences were to run concurrently, but the Judgment states that they were to run consecutively.

[2]  Although Petitioner is no longer "in custody" for purposes of § 2255, he was still in custody when he filed his motion because he had not yet completed his term of supervised release. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999). Accordingly, Petitioner's motion is properly before this Court.

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)(4).

As noted, judgment was entered on November 9, 2007, and Petitioner did not appeal. Petitioner's conviction, therefore, became final ten days later when his time to appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); FED. R. APP. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten days of entry of judgment). Because Petitioner filed his motion to vacate more than five years later, his motion is untimely under § 2255(f)(1), and none of the other time periods set forth under § 2255(f) applies to render the petition timely.

Finally, the Court finds that even if the petition were not time-barred Petitioner's Simmons claim would fail on the merits because he was convicted of a crime punishable by more than one year in prison prior to committing the felon-in-possession offense. Section 922(g)(1) prohibits the possession of a firearm by any person who has been convicted of a felony, defined as "a crime punishable for a term exceeding one year." 18 U.S.C. § 922(g)(1). Interpreting nearly identical language, the Fourth Circuit held in Simmons that an offense is considered a felony only if the defendant could have received a sentence of more than one year in prison. 649 F.3d at 247. In so doing, the Fourth Circuit overturned its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242

3

(4th Cir. 2005), in which the court had held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Simmons, 649 F.3d at 247. Thus, for purposes of a qualifying predicate conviction under § 922(g)(1), a predicate conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison.

Petitioner's § 922(g)(1) conviction is valid because he had at least one qualifying predicate felony conviction when he committed the offense. Specifically, on September 11, 1990, Petitioner was convicted of a series of traffic offenses in North Carolina district court, including speeding to elude arrest, and he received a suspended sentence of 24 months in prison. (Crim. Case No. 1:06-cr-267, Doc. No. 23 at 6: PSR). As such, Petitioner had a prior conviction for which he could and did receive a prison sentence in excess of one year.[3] Therefore, even if Petitioner's motion to vacate were timely, his Simmons claim would nevertheless fail on the merits.

### IV.  CONCLUSION

---

[3] Petitioner points out correctly in his motion to vacate that he was convicted in North Carolina state court on November 9, 2004, of possession of stolen goods, and Petitioner argues that he could not have received a sentence of more than 12 months for that conviction. Petitioner contends that he, therefore, did not have a qualifying predicate felony under § 922(g)(1). Petitioner overlooks, however, the conviction on September 11, 1990, for which he received a suspended sentence of 24 months. Although the sentence was suspended, this does not change the fact that the sentence was for more than one year in prison for purposes of qualifying as a predicate felony under § 922(g)(1). See United States v. Thompson, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2012) (per curiam) (unpublished) (rejecting the defendant's argument that Simmons did not apply to a suspended sentence); Hazel v. United States, No. 2:05-cr-0722, 2012 WL 2357663, at *3 (D.S.C. June 20, 2012) (holding that the defendant was not entitled to Simmons relief where the defendant "was subject to more than one year of imprisonment . . . though those sentences were suspended"), appeal dismissed, 478 F. App'x 771 (4th Cir. 2012) (unpublished).

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as untimely.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 7, 2015

Frank D. Whitney
Chief United States District Judge